[No. 31823. Department Two. September 28, 1951.]

Clarence H. Jones, *Appellant*, v. Robert E. Crompton, *as Probation Officer for Skagit County, et al., Respondents.*[1]

*James Tynan*, for appellant.

*Reuben C. Youngquist* and *Charles F. Stafford, Jr.*, for respondents.

Per Curiam.—This is an appeal from an order quashing a writ of *habeas corpus*, the application for which was in substance an attempt on the part of a father to regain custody of his minor children. In July, 1948, the children were made wards of the court and were, by its order, remanded to the custody of the Skagit county welfare department for placement in a suitable foster home. Pursuant to that order, they were placed in the Parkland Lutheran Children's Home.

It is agreed that this proceeding is not an attack upon the order of July, 1948, but is an effort to show that conditions have changed to such an extent that the father could and should be entrusted with the custody of his children. The father appeals from an order refusing him that custody.

It is urged that the trial judge was hostile in his demeanor, prejudiced against the father and his mother, that he permitted too wide latitude in their cross-examination, and was influenced by matters *dehors* the record.

Because of the nature of the charges, we have studied the record with some care. In justice to the appellant, we must say that certain of the findings are unnecessarily derogatory to him and carry implications which are not sustained by the evidence. This is particularly true with reference to part of finding No. 14, that the father had the children assist him in "scavengering garbage behind grocery stores," and finding No. 18, that he obtains a portion of the fruit and vegetables used in his home "from the spoiled fruit and vegetable discarded behind grocery stores." The evidence shows that he does collect partially spoiled fruit and vegetables from behind grocery stores, that his mother sometimes uses and cans the unspoiled portions, and sometimes it is used to feed the rabbits. Nor do we think that the evidence is sufficiently explicit to warrant finding No. 15, that he discussed acts of sex perversion with his eleven-year-old son. We are, however, convinced that, on the record before the court, the only determination that could be reached is that it would not be for the best interests of the children to permit the father and his mother to have their custody and care. No question of law is presented. We arrive at the same ultimate conclusion on the facts as did the trial court.

The order appealed from is affirmed.

[1]Reported in 235 P. (2d) 825.

November 26, 1951. Petition for rehearing denied.